**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ENDLESS SUMMER PRODUCTIONS, LLC** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | **NO. 15-6097** |
| **SCOTT MIRKIN and EVENT BY** | : | |
| **SCOTT MIRKIN, INC. d/b/a ESM** | : | |
| **PRODUCTIONS, INC.** | : | |

**<u>MEMORANDUM OPINION</u>**

**Savage, J.**                                                                       **March 2, 2016**

Endless Summer Productions, LLC ("Endless Summer") brings this action against Scott Mirkin ("Mirkin") and Event by Scott Mirkin, Inc., d/b/a ESM Productions, Inc. ("ESM"), for breach of contract, fraud, and conversion. The dispute arises out of a contract for the management and operation of a campground in connection with the recent Papal visit to Philadelphia. After the parties had completed the early stages of the project, the campground program was cancelled by the sponsor. Endless Summer claims it is owed money due under the contract for work done and expenses paid prior to cancellation. It also demands consequential and punitive damages.

Because the fraud and the conversion causes of action are barred by the gist of the action doctrine, we shall dismiss those counts, leaving only the breach of contract count. We shall dismiss Mirkin as a defendant because he was not a party to the contract.

## Factual and Procedural Background[1]

ESM was retained by the World Meeting of Families to promote the recent visit of Pope Francis to Philadelphia.[2]   As part of its engagement, ESM was to create and operate a campground in East Fairmount Park from September 24 to 28, 2015.[3]  In April 2015, ESM and Endless Summer, a company specializing in the operation and management of campgrounds and festival venues, began discussions regarding Endless Summer's providing operation and management services for the campground.[4] On September 1, 2015, ESM and Endless Summer entered into a written agreement whereby Endless Summer was to provide services in running the campgrounds.[5]

Pursuant to the agreement, ESM was obligated to pay Endless Summer a production fee of $80,000.00, payable in three stages: fifty percent within seven days of the agreement; twenty-five percent by September 15, 2015; and the remaining twenty-five percent within ten days after the close of the event.[6]  ESM also agreed to reimburse Endless Summer's staffing fees and expenses.[7]   Reimbursement was required as follows: twenty-five percent of the estimated total staffing fees within seven days of the

---

[1] The facts are recited from the amended complaint.  For purposes of considering the motion to dismiss, we accept the facts alleged as true and draw all reasonable inferences from them in Endless Summer's favor.

[2] Am. Compl. ¶ 13.

[3] *Id.* ¶¶ 13-14.

[4] *Id.* ¶¶ 11, 15, 22.

[5] *Id.* ¶¶ 20-21.

[6] *Id.* ¶ 32 & Ex. A, Event Operations and Production Agreement ("Agreement") ¶ 4.

[7] Am Compl. ¶¶ 33-34.

agreement; fifty percent of the estimated fees by September 15, 2015; and the balance promptly after the event.[8]

ESM reserved the right to terminate the agreement due to circumstances beyond the parties' control up until September 14, 2015.[9]   In the event of termination, ESM remained obligated to pay amounts that had already become due.[10]

ESM exercised its right to terminate the agreement on September 10, 2015.[11] As provided in the agreement, as of termination, Endless Summer was entitled to fifty percent of its production fee and twenty-five percent of the estimated staffing fee, $40,000.00 and $51,875.00, respectively.[12]   In addition, ESM was required to reimburse costs and expenses which Endless Summer had advanced in the amount of $26,033.59.[13]

After ESM refused to pay, Endless Summer filed this action.   In its amended complaint, Endless Summer claims that ESM and Mirkin, personally, breached the agreement when they failed to pay the amounts owing.   It also asserts tort claims for fraud in the inducement, fraud, and conversion against both ESM and Mirkin.   Endless Summer demands compensatory, consequential and punitive damages.

Moving to dismiss the amended complaint, ESM and Mirkin argue that the gist of the action doctrine bars the tort claims, the parol evidence rule precludes the claims

---

[8] *Id.* ¶ 33; Agreement ¶ 5.

[9] Am. Compl. ¶ 37; Agreement ¶ 11.

[10] Am. Compl. ¶ 38; Agreement ¶ 11.

[11] Am. Compl. ¶ 44.

[12] *Id.* ¶¶ 40-41.

[13] *Id.* ¶ 42 & Ex. B.

sounding in fraud, the conversion claim is inadequately pled, and punitive damages are not available in a breach of contract claim.  Mirkin argues that Endless Summer has failed to state a claim against him because he was not a party to the agreement.

### Gist of the Action Doctrine

Pennsylvania's gist of the action doctrine precludes a plaintiff from bringing what is actually a breach of contract claim as a tort claim.  *Erie Ins. Exch. v. Abbott Furnace Co.*, 972 A.2d 1232, 1238 (Pa. Super. 2009); *see also Jones v. ABN Amro Mortg. Grp., Inc.*, 606 F.3d 119, 123 (3d Cir. 2010).  The doctrine maintains the distinction between causes of action founded on the breach of a contractual duty created by the parties' relationship and those based on the breach of a social duty imposed on all individuals by society.

When the parties' obligations are defined by the terms of a contract and not by duties imposed by social policies, a plaintiff may assert only a contract claim.  *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 68 (Pa. 2014); *Erie Ins. Exch.*, 972 A.2d at 1239 (citing *eToll, Inc. v. Elias/Savion Adver.*, 811 A.2d 10, 14 (Pa. Super. 2002)).  In order to state a tort claim where there is a contract, the wrong complained of must be the gist of the action with the contract only incidental.  *Bruno*, 106 A.3d at 66 (quoting *Bash v. Bell Tel. Co. of Pa.*, 601 A.2d 825, 829 (Pa. Super. 1992)).

In determining whether the gist of the action is based on a contract or a tort, we must look to the nature of the duty breached as alleged in the complaint.  *Id.* at 63.  If the claim arises directly from a breach of a contractual duty created by the parties, it is a contract action.  If the claim arises from the violation of a broader social duty imposed

by society and not by the parties to the action, it is a tort action.  *Id.*  Thus, the substance of the allegations in the complaint is of "paramount importance."  *Id.* at 68.

The fact that there is a contract between the parties does not mean that a party's claim for injury or loss resulting from the other party's conduct in performing the contract is necessarily a claim for breach of contract.  A breach of contract cause of action is based on the breach of a specific executory promise in the contract.  *Id.* at 70.  Where it is alleged that the defendant breached a duty that exists "independently and regardless of the contract" and was not created by the parties, it is a tort action.  *Id.*  If the claim arises indirectly from the breach of a "separate 'collateral' duty to perform a contractual obligation with skill and diligence," it is a tort action.  *Id.* at 63.

Given this duty-based approach, a negligence claim may coexist with a contract claim where the negligence claim based on the defendant's conduct in performing the contract is not one based on the contract.  In that case, the claim is not based on the failure to perform an executory promise in the contract.  Rather, the contract is regarded as "the vehicle, or mechanism," establishing the parties' relationship during which the negligence occurred.  *Id.* at 70.

Fraud claims that are not related to the performance of the contract are not precluded by the gist of the action doctrine.  *eToll*, 811 A.2d at 19.  Rather, a fraud claim is barred only when the alleged fraud relates to the performance of an executory promise in the contract.  *Id.*

Here, the parties do not dispute the existence or validity of the agreement.  Thus, we must engage in a duty-based analysis to determine the source of the duties underlying Endless Summer's tort claims.

Endless Summer's tort claims are based on an alleged breach of a duty imposed by the contract.  Endless Summer alleges that ESM had "a duty to provide truthful, timely and accurate information" to Endless Summer "as set forth in the subject Agreement."[14]  It further asserts that ESM represented that it "would comply with the Agreement and perform in accordance with same."[15]  In Count II raising fraud in the inducement, Endless Summer alleges that the defendants did not do what they had promised to do.  Specifically, it alleges that the defendants failed "to adhere to the course and scope of its [*sic*] contractual duties."[16]  Count III alleges the defendants committed fraud when they "failed to meet the scheduled payments in the Agreement."[17]  The only duties giving rise to these claims were imposed by the parties in their agreement.

As to the conversion claim in Count IV, Endless Summer appears to attempt to state a cause of action for intentional interference with contractual relations.  It alleges that the defendants "purposely acted with a specific intent to harm the existing relationship."[18]  A party to a contract cannot be liable for interfering with its own contract.  Rather, only a third party can.  *Empire Trucking Co. v. Reading Anthracite Coal Co.*, 71 A.3d 923, 932-33 (Pa. Super. 2013) (third party required for tortious interference with contractual relationship) (citation omitted).

---

[14] Am. Compl. ¶ 71.

[15] *Id.* ¶¶ 77, 89.

[16] *Id.* ¶ 79.

[17] *Id.* ¶ 91.

[18] *Id.* ¶ 99.

Endless Summer alleges that the claim is founded on "a contractual relationship between the parties as exhibited by the Agreement."[19]  A conversion claim based solely on the failure to perform a contract is barred by the gist of the action doctrine. *Pittsburgh Constr. Co. v. Griffith*, 834 A.2d 572, 584 (Pa. Super. 2003).

The fraud claims and the conversion claim are predicated on the breach of a duty that arises from the agreement, not from a social duty imposed by society.  They are not independent of the contract.  The alleged fraudulent acts occurred in the course of the performance of the contract.  Therefore, the gist of the action doctrine bars Endless Summer's tort claims.

## Punitive Damages

With the fraud and conversion claims barred, the only remaining claim is for breach of contract.  Punitive damages are not recoverable in an action for breach of contract.  *Johnson v. Hyundai Motor Am.*, 698 A.2d 631, 639 (Pa. Super. 1997).  Thus, Endless Summer's demand for punitive damages does not survive.

## Claims Against Mirkin

Endless Summer argues that Mirkin is liable under a participation theory.  It claims that Mirkin, ESM's owner, orchestrated a scheme to gain access to Endless Summer's proprietary information.  It contends that the contract was merely a "front" for this alleged scheme, and Mirkin failed to disclose his true intent.  The participation theory holds a corporate officer who takes part in the commission of a tort personally liable.  *Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86, 90 (Pa. 1983).

---

[19] *Id.* ¶ 98.

Endless Summer's tort causes of action are barred by the gist of the action doctrine.  Hence, there are no tort claims for which Mirkin may be personally liable under the participation theory.

A non-party to a contract cannot be liable for its breach.  *Viso v. Werner*, 369 A.2d 1185, 1187 (Pa. 1977).  Nor can a party's agent, unless the agent agrees to assume liability.  *Id.*; *Scungio Borst & Assocs. v. 410 Shurs Lane Developers, LLC*, 106 A.3d 103, 109 (Pa. Super. 2014) (en banc) (quoting *In re Estate of Duran*, 692 A.2d 176, 179 (Pa. Super. 1997)).  Mirkin is not a party to the agreement with Endless Summer.  Nor did he assume contractual liability.  An officer of a corporation may be liable for tort claims, but not contract claims.  *Wicks*, 470 A.2d at 90.  Thus, the breach of contract claim against Mirkin will be dismissed.

## Conclusion

Because Endless Summer's fraud and conversion claims are precluded by the gist of the action doctrine, Counts II, III and IV of the amended complaint will be dismissed.  Because the only remaining cause of action is for breach of contract, we shall strike the demand for punitive damages and dismiss the amended complaint as to Mirkin.